[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2005
THOMAS K. KAHN
CLERK

No. 05-11988
Non-Argument Calendar

_____

D. C. Docket No. 04-60119-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN GEORGE HUDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 31, 2005)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Stephen George Hudson appeals the district court's denial of his

motion for return of property, pursuant to Fed.R.Crim.P. 41(g).[1]  On appeal,

Hudson argues that the administrative forfeiture violated his Fifth Amendment

right against self incrimination and did not afford him due process of law.

Specifically, he maintains that his Fifth Amendment right to remain silent was

violated when he was forced to choose between waiving his privilege in the

criminal case or having his property administratively forfeited in the civil case.

Hudson also contends that he was not afforded due process because the

government began judicial criminal forfeiture proceedings with respect to the same

property that was the subject of the administrative proceedings, but did not allow

the criminal forfeiture proceedings to reach a conclusion before the government

declared an administrative forfeiture.  As the government asserted in its answer

brief, the sole issue on appeal is whether Hudson waived his constitutional

arguments because he did not raise them in the district court.  In his reply brief,

Hudson maintains that he did not have the opportunity to raise his constitutional

claims below.

    As a general rule, appellate courts "will not consider a legal issue or theory

raised for the first time on appeal."  *United States v. Southern Fabricating Co.,*

---

[1]In his motion for return of property, Hudson cited former Fed.R.Crim.P. 41(e) as the basis for his motion.  However, motions for return of property are now addressed in Fed.R.Crim.P. 41(g).

*Inc.*, 764 F.2d 780, 781 (11th Cir. 1985). "The decision whether to consider such an argument is left to the appellate court's discretion." *Id.* We have identified five exceptions to the general rule. *See Narey v. Dean*, 32 F.3d 1521, 1526 (11th Cir. 1994). Specifically, we will exercise our discretion to consider arguments not raised in the district court where (1) the issue involves a pure question of law and refusing to consider it would result in a miscarriage of justice, (2) an appellant had no opportunity to raise the issue at the district court level, (3) "the interest of substantial justice is at stake," (4) "the proper resolution is beyond any doubt," and (5) the issue involves "significant questions of general impact or of great public concern." *Id.* at 1526-27.

Because the record demonstrates that Hudson did not raise his constitutional arguments in the district court nor present arguments on appeal other than those based on constitutional violations, we refuse to exercise our discretion to consider Hudson's constitutional claims. Accordingly, we affirm the district court's denial of Hudson's Rule 41(g) motion for return of property.

**AFFIRMED.**